IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-489-D

| | |
|---|---|
| ODYSSEY WIRELESS, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| APPLE, INC., | ) |
| Defendant. | ) |

This case comes before the court on a motion (D.E. 51) filed by defendant Apple, Inc. ("defendant") to seal the unreacted version of its memorandum of law (D.E. 47), exhibit G to the declaration of Lowell D. Mead (D.E. 50), and the declaration of Michael Jaynes (D.E. 48) filed in support of its motion to transfer venue (D.E. 46). Defendant indicates that plaintiff Odyssey Wireless, Inc. ("plaintiff") consents to the requested relief. No response to the motion to seal has been filed, and the time to do so has expired. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the memorandum,

exhibit, and declaration sought to be sealed were filed in connection with a motion to transfer venue and not in support of any motion that seeks dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendant seeks the sealing of the aforementioned memorandum, exhibit, and declaration because they contain confidential, proprietary, and commercially sensitive business information that is otherwise deemed confidential pursuant to Local Patent Rule 302.2, E.D.N.C. Defendant contends that sealing the information is needed to preserve its confidentiality. The court agrees that the information is of a confidential nature. *See Doe*, 749 F.3d at 269 ("A

2

corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of course records."). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 24 March 2015. No opposition to the motion has been filed by plaintiff or any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the memorandum, exhibit, and declaration in question contain confidential information, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to seal (D.E. 51) is ALLOWED. The Clerk shall retain the filings at Docket Entries 47, 48, and 50 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

SO ORDERED, this 9 day of June 2015.

James E. Gates
United States Magistrate Judge